MEMORANDUM OF DECISION ON PLAINTIFF’S APPEAL
EAGAN, Judge.
BACKGROUND
The plaintiff, Ms. Vilayvong, was employed at the Mohegan Sun Casino as a table games dealer. Her employment was terminated and her gaming license suspended as the result of an incident at the Foxwoods Casino on August 22, 2007.
On August 22, 2007, the plaintiff met another patron at the Casino identified as Cynthia, whom she had not previously known. The plaintiff and Cynthia decided to go shopping together. During the course of their shopping, the plaintiff allowed Cynthia to use a portion of plaintiffs Wampum Reward Card points to purchase an IPOD at the Foxwoods electronic store.
While the women were together at the Foxwoods store, they were videotaped by security surveillance. It is undisputed that Cynthia was suspected of and later arrested for stealing an electronic device from the Foxwoods store.
The surveillance videotape also showed activity by the plaintiff which has been characterized as “attempting to pickpocket” from Cynthia. Notice of Decision of Director, p. 4. The plaintiff “claims that she had reached into Cynthia’s pocketbook to obtain chapstick and w?as having difficulty doing so because Cynthia did not stand still.”
The Director found that: “After reviewing the video, statements and the testimony of the Appellant and witness, I find it difficult to believe that a prudent person would demonstrate the conduct seen on the video just to get chapstick for their own use. A prudent person would have informed the person (in this case, Cynthia) that she would like to borrow some chapst-ick. It is not normal for any individual to reach into another’s purse or pocketbook without asking permission first. At the time of this incident, Cynthia was speaking on her cell phone and the Appellant could have signaled Cynthia for the chapstick or waited until the conclusion of the phone call to ask for the chapstick. Instead the Appellant makes a surreptitious move to the pocketbook, then stops the activity when a third party appears in the video, and resumes the surreptitious move once the third party leaves the video. I find that by a preponderance of the evidence, the Mohegan Tribal Gaming Commission has proven its case.”
STANDARD OF REVIEW
In accordance with Mohegan Tribal Council Resolution No.200(>-25 and Mohegan Tribal Gaming Authority Resolution No.2006-05, the prior Ordinance Concerning Procedures for Appeal from Final Agency Decisions, MTO 2005-05, was repealed. The new Ordinance, approved on *468 June 21, 2006, section S—324(j) expressly provides that:
(j) The court shall not substitute its judgment for that of the Agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the Agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the Agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;
Of particular significance here is the directive in 3-324(j)(5) that the Court may not affirm any Agency decisions that are clearly erroneous in view of the reliable, probative and substantial evidence on the record as a whole.
In the instant case, the Director’s decision finding the plaintiff guilty of attempted larceny by shoplifting was premised on his conclusion that a prudent person would have informed Cynthia that she would like to borrow her chapstick and would not have reached into the purse without asking permission first.
There is, however, no factual basis in the record for the Director’s conclusion that the plaintiff had not sought such permission.
The videotape of the incident, which this Court reviewed, has no voice attached to it, as counsel for the MTGC acknowledged:
JUDGE: Mr. O’Brien, what do you allege that the camera shows? The film, it has no voice to it, is that correct?
O’BRIEN: That’s correct.
JUDGE: So you don’t know what the conversation was between the two people?
O’BRIEN: No. Your Honor, we do not.
Transcript of Hearing on Appeal, April 1, 2008, p. 4.
On appeal, plaintiff reasserted that: “... I told Cynthia that I am going to use her chapstick while she was on the phone ...” Plaintiffs Brief, p. 2.
Additionally, according to counsel for the MTGC; “In her testimony before the Mohegan Tribal Gaming Commission, the petitioner testified that she asked permission of Ms. Wu [aka Cynthia] who was on a cell phone call prior to entry into her purse.” Defendant’s Brief, p. 2
Accordingly, the Director’s finding that the plaintiff entered Cynthia’s “purse/pocketbook” without permission, thereby constituting attempted larceny, is not only unsupported by the evidence, but contrary to it. Pursuant to section 3-324(k) of the June 2006 Ordinance Concerning Procedures for Appeals from Final Agency Decisions, the plaintiffs appeal is sustained.
The Director is to take such action as is necessary to effectuate this decision.